UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) ) | CHAPTER 11 |
| | ) | CASE NO. 21-10827-FJB |
| KC PANORAMA, LLC, *et al.*, | ) ) | (Jointly Administered) |
| | ) | |
| Debtor | ) ) ) | |

**<u>APPLICATION OF THE DEBTORS PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) AND FED. R. CIV. P. 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN COMMONWEALTH COMMERCIAL ADVISORS, INC. AS REAL ESTATE BROKER FOR THE DEBTORS</u>**

To the Honorable Frank J. Bailey, U.S. Bankruptcy Judge:

Now come the Debtors, KC Panorama, LLC, HDG Congress, LLC, and HDG Stuart, LLC[1] ("Debtors"), as the debtors and debtors-in-possession in these Chapter 11 cases, and hereby file this Application ("the Application") for entry of an Order, substantially in the form of Exhibit A, attached hereto, under sections 327(a) and 328(a) of title 11 of the United States Code ("the Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 of the Massachusetts Local Bankruptcy Rules, authorizing the retention of Commonwealth Commercial Advisors, Inc. ("CCA"), as real estate broker for the Debtors. In support hereof, the Debtors state as follows:

---

[1] This jointly administered case concerns the following debtors:

KC Panorama, LLC
303 Wyman Street, Suite 330, Waltham, MA 02451
Tax ID Ending in: 8467

HDG Congress, LLC
303 Wyman Street, Suite 330, Waltham, MA 02451
Tax ID Ending in: 9106

HDG Stuart, LLC
303 Wyman Street, Suite 330, Waltham, MA 02451
Tax ID Ending in: 9627

## SUMMARY OF RELIEF REQUESTED

1. By this Application, the Debtors request entry of an order, substantially in the form of Exhibit A hereto, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rules 2014-1, authorizing the Debtors to retain CCA as its exclusive real estate broker to assist with the sale and disposition of the Debtors' real properties located at 13-15 Congress Street, Boston, Massachusetts, 19-21 Congress Street, Boston, Massachusetts, and 27-29 Stuart Street, Boston, Massachusetts, ("the Properties"), and such other properties as may be subsequently agreed to between the Debtors and CCA. The Debtors believe the retention of CCA as its broker for the Properties will enable the Debtors to effectuate a prompt sale of the Properties and obtain the highest and best value for the Properties. Accordingly, the Debtor submits that the retention of CCA is in the best interest of the Debtors' respective estates and their creditors.

2. The terms and conditions of CCA's retention as exclusive real estate broker in connection with the sale of the Properties are set forth in that certain listing agreement between the Debtors and CCA ("the Listing Agreement"), dated as of August 13, 2021 and attached hereto as Exhibit B. In support of this Application, the Debtors rely upon the Declaration of Stefan T. Frey, President and Principal Owner of CCA ("the Frey Declaration"), executed on August 16, 2021, a copy of which is annexed hereto as Exhibit C.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the

Bankruptcy Code, and Rules 2014 and 2016 of the Bankruptcy Rules.

## BACKGROUND

6. On June 4, 2021 ("the Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors continue to manage their business affairs as debtors in possession pursuant to 11 U.S.C. § 1108.

8. Motions for Joint Administration were subsequently filed and were approved by the Court.

## RELIEF REQUESTED

9. By this Application, pursuant to sections 327 and 328 of the Bankruptcy Code, the Debtors seek to employ and retain CCA as their exclusive sales agent and broker for the Debtors' Properties pursuant to the terms of CCA's listing agreement, attached hereto as Exhibit B. In light of the unique circumstances of this Chapter 11 Case, the Debtors require the services of a skilled and experienced real estate broker that is familiar with selling properties of a type and value similar to those presently held by the Debtors.

10. CCA is a full-service brokerage specializing in commercial real estate, and has brokered numerous transactions of high-value properties in and around the Boston Metropolitan Area.

11. In business since 2009, the Debtor believes that CCA has the right skillset, experience, and connections needed to realize the highest possible sale price for the Properties.

12. As the Debtors' exclusive real estate broker for the Properties, CCA will assist in the proposed marketing and sale of the Properties. CCA's retention is necessary given the Debtors' need to sell the Properties in a prompt, efficient, and cost-effective manner. Given CCA's expertise in this area, CCA's retention will serve the best interests of the Debtors, their creditors, their estates, and all parties in interest by enhancing the Debtors' ability to obtain

the most favorable value for the Properties.

## SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASES

13. Among the services to be provided by CCA, all as further described in the Listing Agreement, and subject to Court approval, are the following:

    a. Marketing the Properties using such advertising, solicitation of outside brokers, and other promotional and marketing activities as may be necessary and agreed upon with the Debtors;

    b. Analyzing offers and proposals from potential purchasers and offering recommendations to the Debtors in connection with any proposed transaction involving the properties;

    c. Assistance with negotiations regarding any potential transaction involving the Properties; and

    d. Assistance with the consummation of any transactions involving the Properties.

14. As an additional service, in the event of a consummation of a sale of the Properties covered under the Listing Agreement and retention and receipt of the Commission (hereafter defined) from the Debtors, CCA will compensate any outside broker who dealt with CCA in representation of the purchaser of the Properties an amount equal to fifty percent (50.00%) of the Commission received by CCA from the Debtors under the Listing Agreement.

15. The services that will be rendered by CCA in connection with its proposed engagement are not duplicative of the services to be performed by any of the Debtors' other retained professional(s) or advisors. The Debtors believe that the foregoing services are critical to the proposed sale of the Properties.

## CCA'S QUALIFICATIONS

16. CCA is well-suited to provide the real estate services required by the Debtors. CCA is a

licensed real estate broker with the Commonwealth of Massachusetts with substantial experience in the marketing and sale of commercial real property in the Boston Metropolitan Area. As a result, CCA is able to effectively market and dispose of commercial real estate.

17. CCA has a wide array of connections in the Boston real estate market and will be able to leverage those connections, both with other brokers and potential purchasers, to provide quality service in a timely fashion. CCA is a well-known brokerage in the Boston commercial real estate market providing property management advising to commercial landlords and commercial tenants, in addition to its acquisition and disposition services. The Debtors submit that the employment and retention of CCA would thus be in the best interests of the Debtors, their estates, and their creditors.

## **PROPOSED COMPENSATION**

18. In order to provide the greatest return to the Debtors' estate and their creditors, the Debtors, in identifying potential brokers, have sought out brokers willing to accept commissions less than the commercially-standard rates of 4-5%.

19. To that end, and as described in this Listing Agreement, CCA will be paid a commission ("the Commission") of 1.5% on the sale price of the properties.

20. CCA has not been paid any compensation by the Debtor in connection with this matter to date.

## **THE DEBTORS SEEK AUTHORITY TO RETAIN, EMPLOY, AND COMPENSATE CCA UNDER SECTIONS 372(a) OF THE BANKRUPTCY CODE**

21. The Debtors seek approval of the Fee Arrangement under the Listing Agreement pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to retain and employ CCA as its broker in connection with these Chapter 11 cases, as incorporated in sections 330 and 331 of the

Bankruptcy Code and Bankruptcy Rules. Section 328(a) provides that, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 [. . .] on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

22. As recognized by numerous courts, Congress intended section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the times of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." *See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir. 1997); *Henry A. Leonard Co. v. United States Trustee (In re River Foal, Inc.)*, 161 B.R. 508, 569 (Bankr. S.D.N.Y. 1993).

23. The Debtors submit that the fee structure set forth in the Listing Agreement is reasonable under section 328(a) in light of: (a) the nature and scope of services to be provided by CCA; (b) industry practice with respect to the fee structure to be provided to CCA (and CCA's willingness to accept less than commercially reasonable rates to ensure a greater return to creditors); (c) market rates charged for comparable services, both in and out of Chapter 11; and (d) CCA's substantial experience with respect to real estate issues.

24. In addition, the terms of the Listing Agreement were negotiated in good faith and at arms' length between the Debtors and CCA and reflect the Debtors' evaluation of the value and expertise of the work to be performed by CCA. The Debtors acknowledge and agree that the ultimate benefit to the Debtors from CCA's services likely could not be measured merely by reference to the number of hours to be expended by CCA's professionals in the performance

of such services.

## **DISINTERESTEDNESS**

25. Section 327(a) of the Bankruptcy Code provides:

> [T]he Trustee, with the court's approval, may employ one or more [. . .] appraisers, auctioneers, or other professional persons that, do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the Trustee's duties under this title.

11 U.S.C. § 327(a)

26. To the best of the Debtors' knowledge, and as set forth in more detail in the Frey Declaration, and subject to the disclosures made therein, CCA (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of same, and (b) does not hold or represent an interest adverse to the Debtors or the Debtors' estates.

27. Furthermore, except as disclosed in the Frey Declaration, CCA has indicated that, to the best of its knowledge, neither CCA, nor any employee thereof, has any connection with the Debtor, any creditors of the Debtors' estate, or any other parties-in-interest (as reasonably known to CCA) or their respective attorneys and accountants, or other advisors, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee.

28. CCA was not owed any amounts by the Debtors as of the Petition Date and does not hold a claim against any of the Debtors' estates. CCA has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Frey Declaration, that CCA will promptly disclose such information to the Debtors and to the U.S. Trustee.

29. The Debtors have also been advised that CCA has not agreed to share with any person or firm, other than its own members and employees, and any outside broker representing a purchaser

of the Properties, as required by the terms of the Listing Agreement, the compensation to be paid for professional services rendered in connection with these cases.

## FEE APPLICATION

30. The Debtors respectfully submit that inasmuch as CCA's employment is as a broker whose compensation is determined, pursuant to the Listing Agreement, by a commission on the sale price of an asset, pursuant to MLBR 2016-1, fee applications by CCA on the sales of the Properties are not necessary for it to receive the compensation contemplated herein.

## PREVIOUS REQUEST

31. The Debtors previously filed an Application seeking to employ LAER Realty Partners as broker for the Properties ("the LAER Application," Doc. 10 in the lead bankruptcy case).

32. Said Application was opposed by Secured Creditor KHRE SMA Funding, LLC. (Doc. 26 in the lead bankruptcy case).

33. The Debtors have since withdrawn the LAER Application in favor of proceeding with this Application.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order:

1. Allowing the Debtors to retain and employ Commonwealth Commercial Advisors, Inc. for the purposes and at the rate of compensation described herein; and

2. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

The Debtors,
KC Panorama, LLC,
HDG Congress, LLC, and

HDG Stuart, LLC

By their attorney,

/s/ Cynthia R. Ravosa
Cynthia R. Ravosa, Esquire (BBO 696996)
massachusettsbankruptcycenter@gmail.com
Matthew M. Hamel, Esquire (BBO 697773)
mhamel@ravosalaw.com
Ravosa Law Offices, P.C.
Massachusetts Bankruptcy Center
One South Avenue
Natick, MA 01760
(508)-655-3013
(617) 720-1104 (fax)

Dated: August 16, 2021

## CERTIFICATE OF SERVICE

I, Cynthia R. Ravosa, Esq., counsel for the Debtors KC Panorama, LLC, HDG Congress, LLC, and HDG Stuart, LLC, hereby certify that on this 16th day of August, 2021, I served the foregoing *Application to Employ and Exhibits* by causing a true copy thereof to be delivered electronically to:

**21-10827 Notice will be electronically mailed to:**

Eric K. Bradford on behalf of Assistant U.S. Trustee John Fitzgerald
Eric.K.Bradford@USDOJ.gov

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Matthew M. Hamel on behalf of Debtor KC PANORAMA LLC
mhamel@ravosalaw.com

Alex F. Mattera on behalf of Creditor KHRE SMA Funding, LLC
amattera@pierceatwood.com, lhawe@pierceatwood.com

Cynthia Ravosa on behalf of Debtor HDG Congress, LLC
massachusettsbankruptcycenter@gmail.com, G63887@notify.cincompass.com

Cynthia Ravosa on behalf of Debtor HDG Stuart LLC
massachusettsbankruptcycenter@gmail.com, G63887@notify.cincompass.com

Cynthia Ravosa on behalf of Debtor KC PANORAMA LLC
massachusettsbankruptcycenter@gmail.com, G63887@notify.cincompass.com

**21-10827 Notice was sent via First Class Mail, postage prepaid, to:**

KC PANORAMA LLC 303 Wyman StSte 300Waltham, MA 02451-1255

Eastern Insurance Group LLC PO Box 4000Wakefield, MA 01880-5300

Internal Revenue Service PO Box 7346Philadelphia, PA  19101-7346

KHRE SMA Funding, LLC 33 Benedict PlGreenwich, CT  06830-5316

Kai Zhao 303 Wyman St Ste 300Waltham, MA  02451-1255

Massachusetts Department of Revenue PO Box 9564Boston, MA  02114-9564

Pierce Atwood LP 100 Summer St Ste 2250Boston, MA  02110-2120

Town of Weston PO Box 378Weston, MA  02493-0002

**21-10828 Notice will be electronically mailed to:**

Eric K. Bradford on behalf of Assistant U.S. Trustee John Fitzgerald
Eric.K.Bradford@USDOJ.gov

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Alex F. Mattera on behalf of Creditor KHRE SMA Funding, LLC
amattera@pierceatwood.com, lhawe@pierceatwood.com

Cynthia Ravosa on behalf of Debtor HDG Congress, LLC
massachusettsbankruptcycenter@gmail.com, G63887@notify.cincompass.com

**21-20828 Notice was sent via First Class Mail, postage prepaid, to:**

HDG Congress, LLC 303 Wyman StSte 300Waltham, MA 02451-1255

Berkley Regional Specialty Ins. Co. 14902 N 73rd StScottsdale, AZ  85260-3140

City of Boston Treasury Dept./Bankruptcy Coordinator Ci1 City Hall Sq Rm M-5Boston, MA  02201-1020

Internal Revenue Service PO Box 7346Philadelphia, PA  19101-7346

KHRE SMA Funding, LLC 777 W Putnam Ave Ste 1-2Greenwich, CT  06830-5091

Massachusetts Department of Revenue PO Box 9564Boston, MA  02114-9564

Pierce Atwood LLP 100 Summer St Ste 2250Boston, MA  02110-2120

United Nation Insurance Compnay 3 Bala Plz Ste 300Bala Cynwyd, PA 19004-3406

**21-10829 Notice will be electronically mailed to:**

Eric K. Bradford on behalf of Assistant U.S. Trustee John Fitzgerald
Eric.K.Bradford@USDOJ.gov

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Alex F. Mattera on behalf of Creditor KHRE SMA Funding, LLC
amattera@pierceatwood.com, lhawe@pierceatwood.com

Cynthia Ravosa on behalf of Debtor HDG Stuart LLC
massachusettsbankruptcycenter@gmail.com, G63887@notify.cincompass.com

**21-10829 Notice was sent via First Class Mail, postage prepaid, to:**

HDG Stuart LLC 303 Wyman StSte 300Waltham, MA 02451-1255

Berkley Regional Specialty Insurance Co. 14902 N 73rd StScottsdale, AZ  85260-3140

City of Boston Treasury Dept./Bankruptcy Coordinator Ci1 City Hall Sq Rm M-5Boston, MA 02201-1020

Internal Revenue Service PO Box 7346Philadelphia, PA  19101-7346

KHRE SMA Funding LLC 777 W Putnam Ave Ste 1-3Greenwich, CT  06830-5091

Massachusetts Department of Revenue PO Box 9564Boston, MA  02114-9564

Pierce Atwood LLP 100 Summer St Ste 2250Boston, MA  02110-2120

United National Insurance Company 3 Bala Plz Ste 300Bala Cynwyd, PA 19004-3406

Dated: August 16, 2021

/s/ Cynthia R. Ravosa
CYNTHIA R. RAVOSA