UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| | CASE NO. 21-10827-FJB |
| KC PANORAMA, LLC, *et al.*, | (Jointly Administered) |
| Debtor | |

## DECLARATION OF STEFAN T. FREY, IN SUPPORT OF APPLICATION OF THE DEBTORS FOR AUTHORIZATION TO EMPLOY AND RETAIN COMMONWEALTH COMMERCIAL ADVISORS, INC. AS REAL ESTATE BROKER FOR THE DEBTORS

I, Stefan T. Frey, under penalty of perjury, depose and say:

1. I am the President and Principal Owner of Commonwealth Commercial Advisors, Inc. ("CCA"). I am authorized to execute this Declaration on behalf of CCA and submit this Declaration on behalf of CCA in support of the application ("the Application")[1] of KC Panorama, LLC, HDG Congress, LLC, and HDG Stuart, LLC ("Debtors"), as the debtors and debtors-in-possession in these Chapter 11 cases, seeking authorization to employ and retain CCA as the exclusive real estate broker for the Debtors, as set forth in the Listing Agreement, and in compliance with sections 327(a) and 328(a) of title 11 of the United States Code ("the Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

2. CCA maintains its principal place of business at 21 Miller Street, Medfield, MA 02052, and has an office located at 195 Worcester Street, Suite 201, Wellesley, MA 02481. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent any information disclosed herein requires subsequent amendment or modification upon CCA's completion of further analysis or as additional creditor information

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

becomes available to it, one or more supplemental declarations will be submitted to the Court reflecting same.

3. The terms and conditions of CCA's retention as exclusive real estate broker in connection with the sale of the Properties are set forth in that certain listing agreement between the Debtors and CCA (the "Listing Agreement"), dated as of August 13, 2021 and attached hereto as <u>Exhibit B</u>.

4. CCA desires and is willing to act as the Debtors' exclusive real estate broker in these Chapter 11 cases and render the necessary professional services in connection with the sale of the Properties.

### SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASES

5. In connection with these cases, the services that CCA will provide to the Debtor will include, but are not limited to, the following:

    a. Marketing the Properties using such advertising, solicitation of outside brokers, and other promotional and marketing activities as may be necessary and agreed upon with the Debtors;

    b. Analyzing offers and proposals from potential purchasers and offering recommendations to the Debtors in connection with any proposed transaction involving the properties;

    c. Assistance with negotiations regarding any potential transaction involving the Properties; and

    d. Assistance with the consummation of any transactions involving the Properties.

6. As an additional service, in the event of a consummation of a sale of the Properties covered under the Listing Agreement and retention and receipt of the Commission (hereafter defined) from the Debtors, CCA will compensate any outside broker who dealt with CCA in representation of the purchaser of the Properties an amount equal to fifty percent (50.00%) of

the Commission received by CCA from the Debtors under the Listing Agreement.

## PROFESSIONAL COMPENSATION

7. Pursuant to the Listing Agreement, CCA will be paid a commission ("the Commission") of 1.5% on the sale price of the properties.

8. CCA has not been paid any compensation by the Debtor in connection with this matter to date.

## FEE APPLICATION

9. CCA understands that all fees in these Chapter 11 cases shall be subject to final approval of the Court. However, inasmuch as CCA's employment is as a broker whose compensation is determined, pursuant to the Listing Agreement, by a commission on the sale price of an asset, pursuant to MLBR 2016-1, fee applications by CCA on the sales of the Properties are not necessary for it to receive the compensation contemplated herein.

## CCA'S QUALIFICATIONS

10. CCA is well-suited to provide the real estate services that the Debtors require and have requested that CCA provide in this case. CCA is extensively experienced in the marketing and sale of commercial property in the Boston Metropolitan Area. CCA is a licensed real estate broker in and by the Commonwealth of Massachusetts. In business since 2009, and with over sixty (60) years of experience between its brokers, CCA has the right skillset, experience, and connections needed to realize the highest possible sale price for the Properties.

11. CCA has a wide array of connections in the Boston real estate market and will be able to leverage those connections, both with other brokers and potential purchasers, to provide quality service in a timely fashion. CCA is a well-known brokerage in the Boston commercial

real estate market, providing property management advising to commercial landlords and commercial tenants, in addition to its acquisition and disposition services.

12. CCA stands ready, willing, and able to assist the Debtors in realizing as great a sale price as possible for the properties.

## **DISINTERESTEDNESS**

13. In connection with this proposed retention, CCA reviewed a comprehensive list provided by the Debtors of the types of entities who may have had contacts with the Debtors ("the Retention Checklist"). A copy of the Retention Checklist is attached hereto as Schedule 1 to this Declaration.

14. CCA thoroughly reviewed the Retention Checklist to identify any potential conflicts of interest.

15. Except as otherwise set forth herein, to the best of my knowledge insofar as I have been able to ascertain after reasonable inquiry and relying upon the procedure employed by CCA to identify potential relationships, neither I nor the professionals at CCA working on this engagement have any relationship with the Debtors, and the parties set forth on the Retention List, specifically the Debtors' largest creditor(s), its officers and directors, and certain other listed parties.

16. CCA has not represented or performed the listed services for the listed potential parties in interest during the past five years:

17. Based upon my review, neither I nor any other professional of CCA working on this engagement hold or represent any interest adverse to the Debtors or their estates with respect to matters upon which it is to be engaged.

4

18. CCA is not a "creditor" with respect to any fees and expenses of the Debtors within the meaning of 11 U.S.C. § 101(10). Further, neither I nor any other member of the CCA team serving the Debtors, to the best of my knowledge, is a holder of any outstanding debt instrument or other equity interests or securities of the Debtors.

19. Consequently, to the best of my knowledge, CCA is "disinterested" as that term is defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), in that:

    a. Neither CCA nor any professional at CCA working on this engagement is or was a creditor, equity security holder or insider of the Debtors;

    b. Neither CCA nor any professional at CCA working on this engagement is or was, within two years before the commencement of these Chapter 11 cases, a director, officer, or employee of the Debtors; and

    c. CCA has no interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct relationship to, connection with, or interest in the Debtors.

20. As part of its practice, CCA engages in transactions involving many different professionals, including attorneys, financial advisors, and creditors. CCA will have no relationship with any such entity, attorney, financial advisor, or other professional that would be materially adverse to the Debtors in these cases.

21. If CCA discovers additional information requiring disclosure, CCA will file supplemental disclosures with the Court as promptly as possible. CCA further understands that it has a duty to continue to check for conflicts and connections, and in the event that any new facts or relationships are subsequently discovered during the pendency of these cases, CCA will supplement this Declaration and file the same with the Court.

## **MLBR 2014-1**

22. Neither I nor any member of my firm holds or represents any interest adverse to the estates of the above-named Debtors.[2]

23. My and my firm's connections with the Debtor are as follows:

    a. Real Estate Broker

24. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

25. I have not agreed to share with any person (except members of my firm) the compensation to be paid for services rendered in this case, except as follows:

    a. 50% commission split with buyer's broker (if applicable)

26. I have not received any retainer or any other compensation whatsoever in connection with the matters discussed herein.

27. I shall amend this statement immediately upon learning that (A) any of the representations herein are incorrect or (B) there is any change of circumstance relating thereto.

28. I have reviewed the provisions of MLBR 2016-1.

29. This Declaration is provided in accordance with section 327(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014, and MLBR 2014-1.

---

[2] Please note, the representations made in this section may be duplicative of representations made elsewhere in this Declaration. These representations are being repeated in this section for the purpose of ensuring compliance with MLBR 2014-1(a) and for efficient verification of said compliance.

Signed under the pains and penalties of perjury, this __16__ day of August, 2021.

Signed in __Medfield__ , __Norfolk__ County, Massachusetts.
          (City/Town)     (County)

_____
Stefan T. Frey

## SCHEDULE 1

## RETENTION CHECKLIST

## CREDITORS/PARTIES IN INTEREST IN BANKRUPTCY CASES

| **Name** | **Mailing Address** | **Nature of Claim** | **Amount of Claim** |
|---|---|---|---|
| Internal Revenue Service | PO Box 7346 Philadelphia, PA 19101-7346 | Taxes (Disputed) | $115,841.84 (Total of All Debtors) (Disputed) |
| KHRE SMA Funding, LLC | 33 Benedict Pl. Greenwich, CT | Trade Debt (Secured) | $21,657,576.31 |
| Town of Weston | PO Box 378 Weston, MA | Party in Interest | N/A |
| Eastern Insurance Group, LLC | PO Box 4000 Wakefield, MA 01880-5300 | Party in Interest | N/A |
| Massachusetts Department of Revenue | PO Box 9564 Boston, MA 02114-9564 | Party in Interest | N/A |
| United Nation Insurance Company | 3 Bala Plz, Ste 300 Bala Cynwyd, PA 19004-3406 | Party in Interest | N/A |
| Berkley Regional Specialty Insurance Co. | 14902 N. 73rd St. Scottsdale, AZ 85260-3140 | Party in Interest | N/A |
| City of Boston | City Hall Square Rm M-5 Boston, MA 02201-1020 | Party in Interest | N/A |
| Pierce Atwood, LLP | 100 Summer Street, Ste. 2250 Boston, MA 02114-9564 | Party in Interest | N/A |
| Kai Zhao | 303 Wyman Street, Ste. 300 Waltham, MA 02451-1255 | Party in Interest | N/A |

## OFFICERS OF THE DEBTORS

| Kai Zhao |
|---|

## ALL OTHER POTENTIAL CONFLICTS

| HDG King Street, LLC |
|---|

8

| |
|---|
| Hemisphere Development Group, LLC |
| KMZ Panorama, LLC |
| Star Fencing Academy, LLC |
| Brown Rudnick, LLP |
| Ravosa Law Offices, P.C. |
| FIDI Stewart, LLC |
| Rubin and Rudman, LLP |
| Stewart Title Guaranty Company |