UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>KC PANORAMA LLC,<br>HDG CONGRESS LLC and<br>HDG STUART LLC,<br><br>               Debtors | Chapter 11<br><br>Case No. 21-10827-FJB<br>Case No. 21-10828-JFB<br>Case No. 21-10829-FJB<br><br>(Jointly Administered) |

**UNITED STATES TRUSTEE'S REPLY TO
THE DEBTORS' POST-TRIAL BRIEF
<u>(WITH CERTIFICATE OF SERVICE)</u>**

William K. Harrington, the United States Trustee for Region 1, responds to the Debtors' post-trial memorandum (Docket #77) ("Memorandum") to address, among other things, their contention that evidence presented at trial demonstrated that Hemisphere's paying City of Boston post-petition real estate taxes on the HDG Congress LLC and HDG Stuart LLC properties was "ordinary course."[1]

The Debtors did not present this defense in their Objection to the Conversion Motion. Docket #55. They presented no evidence at trial to

---

[1] All defined terms in the parties' pretrial memorandum (Docket #64) ("Joint Pretrial Memorandum") have the same meaning here.

1

support it. It was not tried by consent. And the Debtors have not requested authorization to amend their Objection to include it.

## PRELIMINARY STATEMENT

At trial and in their Memorandum, the Debtors have conceded that post-petition City of Boston real estate taxes were accruing post-petition on the HDG Congress LLC and HDG Stuart LLC properties. In itself, this fact supports a finding under the first prong of 11 U.S.C. § 1112(b)(4)(A) of substantial or continuing loss to or diminution of their estates, as alleged by the United States Trustee alleged in his Conversion Motion.

To avoid such a finding, however, Hemisphere, a non-debtor affiliate LLC and insider that, like the Debtors, has a sole member, Mr. Kai Zhao, paid the taxes 33 days after the United States Trustee filed the Conversion Motion, on August 3, 2021. The Debtors filed their Objection three days later.

The Debtors do not dispute that Hemisphere paid the taxes without notice, without prior Court authorization, without a borrowing order and outside of a confirmed plan of reorganization. Nor do they dispute that Hemisphere's financial statements, which were admitted into evidence at trial, show that Hemisphere treated the Debtors as borrowers and carefully tracked advances to them under "due from" entries.

In their Memorandum, the Debtors argue for the first time that they did not need either to notify anyone that Hemisphere had paid these taxes or to

2

request permission to do so, because this constituted the ordinary course of the Debtors' business under 11 U.S.C. § 364(a). They further claim that the United States Trustee conceded this point in the parties' Joint Pretrial Memorandum in Ms. Nevers' testimony on cross-examination.

This argument directly contradicts the record in these cases. In their motion to waive the requirements of 11 U.S.C. § 345 (Docket #25), the Debtors requested authorization to maintain the KC Panorama LLC BOA Accounts as their DIP accounts, stating that they used it to pay all of their operating expenses with funds deposited by Hemisphere. Thus, ordinary course, at least according to the Debtors, required them to pay their post-petition expenses with the KC Panorama BOA Accounts.

This version of ordinary course is confirmed by the Court's July 7, 2021 order prohibited KC Panorama LLC from paying any Debtor's expenses, other than its own, from the BOA Accounts "until the time of the hearing on the United States Trustee's motion to convert or until further order of the court . . . ." (Docket #39).

And the United States Trustee's Auditor, Ms. Amber Nevers testified at trial that, according to Mr. Kai Zhao's statements at the initial debtor interview ("IDI"), "KC Panorama LLC paid bills for all three debtors, from its bank account, as a common disbursement agent . . . ." Docket #72 (hearing transcript) at 37-38.

3

Based on the record in this case and the evidence presented at trial, Hemisphere's directly paying real estate taxes to the City of Boston for HDG Congress LLC and HDG Stuart LLC on August 3, 2021 was not insulated from Court review and approval as an ordinary course transaction under 11 U.S.C. § 364(a). The taxes were accruing, and the Debtors could not afford to pay them.

That Hemisphere paid the Debtors' taxes outside the ordinary course and without prior Court authorization constitutes an independent basis to convert their chapter 11 cases to chapter 7 under 11 U.S.C. § 1112(b)(4)(B) (gross mismanagement of their estates).

Lastly, the record supports findings that Mr. Kai Zhao treated the Debtors as instrumentalities and that KHRE's oversecured loan was accruing interest at the contract default or contract non-default rate post-petition, evidencing substantial or continuing losses to or diminution of the Debtors' estates and, therefore, cause under subsection (A).

In support, the United States Trustee says:

**A.    The first prong of section 1112(b)(4)(A) was established through the accrual of post-petition real estate taxes that the Debtors were not paying and could not pay.**

The Debtors claim that the United States Trustee did not present sufficient evidence to establish the first prong of 11 U.S.C. § 1112(b)(4)(A) – *viz.*, substantial or continuing loss to or diminution of the estate – because

4

there is no evidence in the record to support it. *Compare* Memorandum at 2-6 *with* Conversion Motion (Docket #25 at 23) ("The first prong is established where, as here, the Debtors are neither making post-petition payments to the oversecured mortgagee, KHRE, nor paying post-petition real estate taxes on KHRE's collateral . . . .").

This is incorrect.

Substantial or continuing loss to or diminution of the estate is established, where, as here, the Debtors had insufficient post-petition cash flow (Trial Exhibit15, Trial Binder ("TB") at 190) to pay post-petition real estate taxes[2] $85,335.75 owed to the City of Boston by HDG Congress LLC and HDG Stuart LLC (Trial Exhibits 29, 30 and 31, TB at 237-239). *See also* the Debtors' June, 2021 monthly operating report. Trial Exhibit 22, TB 215-227.[3]

Title to HDG Congress LLC and HDG Stuart LLC's real properties are in their names, not Hemisphere's. Joint Pretrial Memorandum at 5-6. Accordingly, the real estate taxes are their debts, not Hemisphere's. Trial

---

[2]     *Compare* Memorandum at 8 (claiming that the taxes were post-petition debts "incurred in the ordinary course of the Debtors' business") *with* HDG Congress LLC and HDG Stuart, LLC's July 3, 2012 amended schedules "E/F," Trial Exhibits 8 and 11 (TB at 97 and 138), respectively, (apparently listing their amended real estate tax claims of the City of Boston as pre-petition claims).

[3]     Although not offered into evidence, the parties stipulated to its admissibility in the Trial Binder, and because it is relevant to the Debtors' new ordinary course argument, the United States Trustee moves the Court to reopen the record and admit it.

Exhibits 29, 30 and 31, TB at 237-239. *See* 11 U.S.C. § 101(12) (defining "debt" as "liability on a claim").

But for Hemisphere's paying these taxes without prior notice, hearing or Court authorization, the Debtors would still owe them to the City of Boston.

Instead, consistent with their pre-petition ordinary course dealings, the Debtors now owe Hemisphere the $85,335.75. Trial Exhibit 23, TB at 228 (Hemisphere's balance sheet as of May 31, 2021, showing "due from" HDG Congress and HDG Stuart).

If this amount had been properly accrued in the monthly operating report, they would be administratively insolvent by at least $86,360.75. *Compare* Trial Exhibit 15, TB at 190 *with* Trial Exhibit 22, TB 215-227.

Accordingly, the United States Trustee met his burden under subsection (A).

> **B.    The payment of the HDG Congress LLC and HDG Stuart LLC real estate taxes by a non-debtor insider, Hemisphere, was not ordinary course under 11 U.S.C. § 364(a), obviating prior notice, hearing and Court approval.**

Because the Debtors lacked the money to pay the real estate taxes, and wishing to avoid the Court's making a finding under subsection (A), Hemisphere paid them on August 3, 2021, without prior court authorization, without a borrowing order and outside of a confirmed plan of reorganization. Trial Exhibits 29, 30 and 31, TB at 237-239.

6

Notwithstanding that Hemisphere carefully documented all advances made to the Debtors as loans in its financial statements (Trial Exhibit 23, TB at 228), the Debtors now claim that Hemisphere's paying the real estate taxes through Hemisphere was ordinary course, that the United States Trustee conceded this point both in the Joint Pretrial Memorandum and through his auditor, Ms. Nevers,' testimony at trial, and, therefore, the payment by a non-debtor insider did not require Court approval as a post-petition loan under 11 U.S.C. § 364(b). Memorandum at 7-8.

This is incorrect.

To begin with, the Debtors did not present this defense in their Objection to the Conversion Motion. Docket #55. They presented no evidence at trial to support it. It was not tried by consent. And the Debtors have not requested authorization to amend their Objection to include it. Accordingly, they cannot assert it now.

Assuming for argument's sake that it is properly before the Court, as a matter of law, the Debtors, not the United States Trustee, bore the burden of proving what their ordinary course of business was. *Braunstein v. McCabe*, 571 F.3d 108, 124 (1st Cir. 2009) (holding that debtor bore the burden of establishing ordinary course in chapter 7 trustee's action for turnover of insurance proceeds).

The Debtors offered no evidence supporting their claim that Hemisphere's paying the real estate taxes without prior Court approval was ordinary course. In fact, the evidence establishes that Hemisphere's paying the taxes directly is anything but ordinary course.

Specifically, paragraph 27 of the Joint Pretrial Memorandum summarized Mr. Kai Zhao's testimony at the section 341 meeting. ("*According to Mr. Zhao . . . the Debtors' expenses are paid by a non-Debtor LLC, Hemisphere Development Group, LLC . . . he uses the BOA Accounts . . . .*"). Docket #64 at 8-9 (italics added). This was not an acknowledgment by the United States Trustee that Hemisphere could pay the Debtors' taxes post-petition without notice, hearing and prior Court authorization.

Ms. Nevers' testimony established what Mr. Kai Zhao told her at the IDI was the Debtor's ordinary course procedure:

> Q. Did you learn anything about the debtors' bank accounts?
>
> A. Yes, that KC Panorama LLC was the only debtor that had a bank account, and it was with Bank of America. The others did not. Mr. Zhao said that he funded the KC Panorama LLC Bank of America account from Hemisphere Development Group, LLC, the nondebtor-related entity, and that *KC Panorama LLC paid bills for all three debtors, from its bank account, as a common disbursement agent.*

Docket #72 (hearing transcript) at 37-38 (italics added).

And it was the Debtors themselves who confirmed ordinary course transactions with Hemisphere in their motion for authorization to continue using KC Panorama's BOA Accounts as a common disbursing account.

> The Debtors, HDG STUART LLC and HDG CONGRESS LLC do not have an existing bank account. Payments for Debtor's expenses primarily consist of (1) Real Estate Taxes (2) Insurance (General Liability and Property Insurance) and (3) Utility Bills which are paid directly by Hemisphere Development Group LLC from funds in that account . . . The Debtor KC Panorama LLC has two existing business accounts: Accounting ending in 1155 and Account ending in 7939 as well as a personal account ending in 4264. Accounts are held by Bank of America. In Addition, there is personal account which holds a CD which is property being held for Kai Zhao (member/manager . . . The Debtors Should Be Authorized To Continue to Use their Existing Cash Management System and Bank Accounts Under Sections 363(c) and 105(a) . . . .

Docket #25 at 2-4.

By order dated July 7, 2021 (Docket #39), the Court prohibited KC Panorama from using the BOA Account to pay any debtor's expenses except its own pending resolution of the UST's conversion motion.

Based on the record in these cases and the evidence presented at trial, Hemisphere's directly paying real estate taxes to the City of Boston for HDG Congress LLC and HDG Stuart LLC on August 3, 2021 was not insulated from Court review and approval as an ordinary course transaction under 11 U.S.C. § 364(a). The taxes were accruing, and because the Debtors could not

9

afford to pay them, Hemisphere did so to avoid a finding under subsection (A) of 11 U.S.C. § 1112(b)(4) prior to the Conversion Motion hearing.

The Debtors cannot excuse their failure to obtain prior Court authorization for Hemisphere's actions on the July 7, 2021 order, which they claim constituted "unusual circumstances." Memorandum at 8-9. Moreover, the July 7, 2021 order was not a borrowing order, and it did not give the Debtors authorization to violate the Code.

Accordingly, the record supports a finding that Hemisphere's paying post-petition City of Boston real estate taxes on account of HDG Congress LLC and HDG Stuart LLC was not in the ordinary course of the Debtors' business.

The record and evidence support a finding of gross mismanagement of the estate under 11 U.S.C. § 1112(b)(4)(B) for the reasons above. *See* Docket #s78 (United States Trustee's motion to amend under Fed. R. Civ. P. 15(b)(2) and 79 (order granting the motion to amend).

### C. The record supports a finding that Mr. Kai Zhao treated the Debtors as instrumentalities.

While the record does not support the Memorandum's version of ordinary course, it does support a finding that Mr. Kai Zhao routinely and in the ordinary course treated the Debtors and Hemisphere as his instrumentalities.

10

The United States Trustee's digests of KC Panorama LLC's and Hemisphere's bank accounts and Ms. Nevers' testimony at trial (Trial Exhibits 15 and 16, TB at 190 and 192; Docket #72 (hearing transcript) at 42-49 (testimony of Ms. Nevers)) demonstrated that Mr. Kai Zhao was circulating money from his personal account to KC Panorama LLC's to Hemisphere's.

Specifically, Mr. Kai Zhao deposited $152,000 into the BOA Accounts and withderw $13,000 from the account during the period April, 2020 through July, 2021. *Id.* Hemisphere withdrew a total of $182,800 from the BOA Accounts during the same period. *Id.* The BOA Accounts were $16,402 cash flow negative during the same period. *Id.* It is unclear where Mr. Kai Zhao got the money that he deposited from his personal account ending in 4165 into the BOA Accounts. *Id.*

Mr. Kai Zhao controls the Debtors and Hemisphere. He has authority to use the BOA Bank Accounts, the Hemisphere bank account and his personal bank account.

It is clear from these facts that Mr. Kai Zhao treated the Debtors and Hemisphere as instrumentalities and that he did not observe their separateness.

Accordingly, findings to this effect are appropriate.

### D. The first prong of section 1112(b)(4)(A) was established through the accrual of post-petition interest on the KHRE oversecured claim.

The Debtors claim that the United States Trustee did not present sufficient evidence to establish the first prong of 11 U.S.C. § 1112(b)(4)(A) as to the accrual of post-petition interest on KHRE's oversecured claim. *Compare* Memorandum at 2-6 *with* conversion motion (Docket #25 at 23) ("The first prong is established where, as here, the Debtors are neither making post-petition payments to the oversecured mortgagee, KHRE, nor paying post-petition real estate taxes on KHRE's collateral . . . .").

The Debtors advance three arguments in support – that KHRE has not yet filed a proof of claim requesting payment of interest at the contract default rate of 24%, which would permit them to object under 11 U.S.C. § 502; that the UST did not offer the loan documents into evidence; and that the Debtors established on cross-examination that KHRE's principal, Mr. Jonathan Daniel, only believed that proper notifications of the 24% contract default rate of interest were filed with the Massachusetts AG. Memorandum at 2-4.

These arguments fail.

There is no dispute that KHRE is oversecured. Joint Pretrial Memorandum at ¶ 21. Nor do the Debtors disagree that the plain language of section 506(b) permits an oversecured creditor to accrue interest on its claim up to the value of its collateral.

Moreover, Mr. Daniel testified:

i. that the loans were accelerated in February, 2021. Trial Transcript. at 22;

ii. that he saw the usuary letter to the AG "a few months" prior to loan closing. *Id.* at 32-33;

iii. that the unaccelerated contract rate of interest on the Debtors' original $21.5MM pre-petition loan was 7.5%. *Id.* at 24-25; and

iv. that the last payment on the loan was November 5, 2020. *Id.* 22.

The Debtors have not argued that the KHRE's loan was void *ab initio* or that KHRE is prohibited from accruing any post-petition interest on its debt. Memorandum. And they did not classify KHRE's claim as contingent, unliquidated or disputed in their schedule "Ds." Docket #s 4 (KC Panorama LLC) at 13; 7 (HDG Congress LLC) at 13; and 10 (HDG Stuart LLC) at 14).

Accordingly, the record supports a finding that the Debtors' estates are incurring substantial or continuing losses, because 1) KHRE's pre-petition debt is accruing interest post-petition at some rate – either at contract default rate of 24% or the non-default contract rate of 7.5% - and 2) that the Debtors have made no payments since November, 2020.

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: i) converting the Debtors' chapter 11 cases to chapter 7 under 11

13

U.S.C. §§ 1112(b)(4)(A) and (B); and ii) granting him all such other and further relief to which he may be entitled.

                Respectfully submitted,

                WILLIAM K. HARRINGTON
                UNITED STATES TRUSTEE
                REGION 1

By:   */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       PHONE: (202) 306-3815
       FAX: (617) 565-6368

Dated: September 8, 2021   Eric.K.Bradford@USDOJ.gov

## CERTIFICATE OF SERVICE

    I certify that on September 8, 2021, true and correct copies of the foregoing reply were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database.

                                          Respectfully submitted,

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE
                                          REGION 1

                      By:      */s/ Eric K. Bradford*
                                  Eric K. Bradford BBO#560231
                                  Department of Justice
                                  John W. McCormack Post Office & Courthouse
                                  5 Post Office Square, 10th Floor, Suite 1000
                                  Boston, MA 02109-3934
                                  PHONE: (202) 306-3815
                                  FAX: (617) 565-6368
Dated: September 8, 2021.           Eric.K.Bradford@USDOJ.gov